# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MONIQUE TOLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 8:16CV176 |
| | ) | |
| CHARLES DREW HEALTH CENTER, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Motion to Compel Answers to Written Discovery (Filing No. 49) filed by Defendant, Charles Drew Health Center, Inc., and the Motion to Compel Written Discovery (Filing No. 50) and Motion to Compel Rule 30(b)(6) Deposition (Filing No. 53) filed by Plaintiff, Monique Tolston.

## BACKGROUND

This action concerns Plaintiff's allegations that Defendant terminated her employment in violation of federal and state laws prohibiting discrimination based on sex and retaliation. Plaintiff also seeks unpaid wages under the Nebraska Wage Payment and Collections Act.

Plaintiff worked as a family practice physician for Defendant from 2008 until her termination on August 7, 2015. Plaintiff alleges that in November 2014, she reported an unlawful medical practice to Defendant's Medical Director, Gregory Ochuba, and as a result, in December 2014, she was reprimanded for her report and received a performance evaluation rating her performance below satisfactory in several categories. (Filing No. 12 at pp. 3-5). Plaintiff alleges in August 2015 she was terminated without notice in contravention of her employment agreement. Plaintiff alleges Defendant's proffered reasons for her termination, including tardiness, unexcused absences, history of failure to

1

participate in mandatory meetings, unacceptable and unprofessional behavior, failure to meet productivity goals, and patient complaints, were pretext for gender discrimination and retaliation. (Filing No. 51-4; Filing No. 51-5 at p. 3).

The parties have filed the instant motions to compel disclosure of certain written discovery and further depositions. Defendant represents to the Court that it filed its motion to preserve its rights; Defendant states that Plaintiff's counsel previously agreed to produce certain supplemental answers to interrogatories and production of documents, but has not yet done so. (Filing No. 49). Plaintiff did not oppose Defendant's motion and requests an additional 14-days to produce any additional responsive documents. (Filing No. 72). Therefore, the Court will grant Defendant's Motion and order Plaintiff to supplement the outstanding discovery requests within 14-days of this order, assuming she has not already done so.

Remaining before the Court are Plaintiff's discovery motions. Plaintiff seeks an order compelling Defendant to answer interrogatories and respond to requests for production of documents regarding any disciplinary action, tardiness, patient and staff complaints, and other performance evaluation information for other physicians employed by Defendant. (Filing No. 50; Filing No. 56 at p. 3). Plaintiff also seeks an order compelling an additional Rule 30(b)(6) deposition of Defendant because the deponents were unprepared to answer the majority of topics noticed by Plaintiff. (Filing No. 53).

## DISCUSSION

### I. Plaintiff's Motion to Compel Written Discovery

Plaintiff seeks an order compelling the Defendant to answer Interrogatory Nos. 10 and 11, and respond to Request for Production of Document Nos. 21, 24, 37 and 38. (Filing No. 50).

Interrogatory Nos. 10 and 11 ask Defendant to "set forth in detail all patient and

staff complaints regarding any current or former physician of the Defendant from [2010][1] through the present," and to list all investigations and actions taken in response to those complaints. ([Filing No. 51-1](#)). Plaintiff's Request for Production Nos. 37 and 38 seek the documents related to those patient and staff complaints and investigations taken in response. (Filing Nos. 51-2).

In response to Plaintiff's interrogatories, subject to objections, Defendant referenced Plaintiff to documents previously produced to Plaintiff, and stated that such complaints "were investigated pursuant to the policies and procedures" in Defendant's policy manual, which was also provided to Plaintiff. ([Filing No. 51-1 at pp. 2-3](#)). Similarly, Defendant represents it already produced relevant information regarding patient and staff complaints and investigations of those complaints in response to Request Nos. 37 and 38. ([Filing No. 68 at p. 3](#), 7). Defendant represents that the documents produced are all the documents in its possession, control, or custody found after conducting a reasonably diligent search. ([Filing No. 68 at p. 3](#)). Having reviewed the matter, the Court finds no reason to doubt Defendant's representation that it fully answered these interrogatories by its previous disclosures of documents. Therefore the Court will deny Plaintiff's motion to compel further answers to Interrogatory Nos. 10 and 11, and Request for Production Nos. 37 and 38.

Plaintiff also seeks an order compelling Defendant to produce documents responsive to the following Requests for Production of Documents:

- Copies of employment/personnel files of physicians employed by Defendant between 2010 and August 2015, excluding information related to disability, physical health, and beneficiary or banking information (Request No. 21) and
- Copies of Provider Productivity Financial Statements from 2010 through August 2015 (Request No. 24).

(Filing Nos. 51-2 and 51-3).

---

[1] Plaintiff initially requested this information beginning in 2008, but limited the time frame of her request to 2010 after the discovery dispute arose. ([Filing No. 51-6](#)).

Defendant states in its brief that it already disclosed provider productivity statements dating from 2010 to the present in response to Request for Production No. 24, ([Filing No. 68 at p. 7](#)), and attached to an Affidavit from counsel for Defendant are provider productivity reports from Fiscal Years 2010, 2011, 2012, 2013, 2014, 2015, and 2016. ([Filing No. 69-2](#)). Although Plaintiff asserts in her Reply that reports are still missing, Defendant's exhibit reflects otherwise. Therefore, the Court will deny Plaintiffs Motion with respect to Request No. 24.

Defendant maintains its objections to Plaintiff's Request for Production No. 21, which seeks the personnel files of physicians employed by Defendant between 2010 and August 2015. Defendant argues production would violate those employees' privacy rights. ([Filing No. 68 at pp. 3-6](#)).

Plaintiff's amended complaint alleges individualized claims of discriminatory treatment and adverse employment action on the basis of her gender and in retaliation for reporting an alleged unlawful practice. In order to support her claims, Plaintiff may present direct evidence of discrimination, if such evidence exists, or evidence creating an inference of unlawful discrimination. See, e.g., *[Wells v. SCI Mgmt., L.P.](#)*, 469 F.3d 697, 700-01 (8th Cir. 2006); *[Wilking v. Cty. of Ramsey](#)*, 153 F.3d 869, 872 (8th Cir. 1998). To create an inference that adverse employment action was based on unlawful discrimination, a plaintiff may show pretext by presenting evidence that an employer treats "'similarly-situated employees in a disparate manner.'" *[Blackwell v. Alliant Techsystems, Inc.](#)*, 822 F.3d 431, 435 (8th Cir. 2016) (quoting *[Young v. Builders Steel Co.](#)*, 754 F.3d 573, 578 (8th Cir. 2014)). "Comparator employees must be 'similarly situated in all relevant respects.'" *[Id.](#)* "While claims of disparate treatment, of necessity, require discovery of how others have been treated, it should be reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct." *[Hardrick v. Legal Servs. Corp.](#)*, 96 F.R.D. 617, 618-19 (D.D.C. 1983).

"[T]he Supreme Court has acknowledged that, in Title VII cases, 'liberal civil

4

discovery rules give plaintiffs broad access [to an employer's records] to document their claims.'" *Sallis v. Univ. of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005) (quoting *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516 (D. Minn. 1997)). However, such discovery should be limited to the practices at issue in the case, and thus courts frequently tailor discovery requests for company records to "encompass a 'reasonable time period,' both before and after the discriminatory event being alleged." *Id.*

Federal courts, including this Court and the Eighth Circuit, have found that personnel files of non-party employees may be relevant and discoverable in cases involving employment claims. See *Royce v. Douglas Cty. Sch. Dist. No. 54*, No. 8:11CV328, 2012 WL 2952381, at *2 (D. Neb. July 19, 2012) (citing *Missouri Nat. Educ. Ass'n v. New Madrid County R–1 Enlarged Sch. Dist.*, 810 F.2d 164, 166 (8th Cir. 1987)). Non-party personnel information is discoverable if the plaintiff demonstrates that "the value of the information sought would outweigh the privacy interests of the affected individuals." *Id.* at *3 (quoting *Case v. Platte County, Neb.*, No. 8:03CV 160, 2004 WL 1944777, *2 (D. Neb. June 11, 2004).

In the present case, the Court finds that Plaintiff has sustained this burden. Plaintiff seeks information relevant to her claim that Defendant's proffered reasons for her termination were pretext for discrimination. Specifically, Plaintiff's request is directed to discovering information regarding similarly situated non-party physicians employed by Defendant and supervised by the same Chief Medical Officer between 2010 and Plaintiff's termination in August 2015. The number of personnel files that would be responsive to this request is not expansive; for example, Defendant's CEO testified that when he became the CEO in May 2014, there were five physicians on staff, including Plaintiff. (Filing No. 60-4 at deposition pp. 54:1-16). Defendant's Rule 30(b)(6) deponents testified that employee personnel files of staff physicians would contain documented unexcused absences, tardies, and performance evaluations, all of which were stated reasons for terminating Plaintiff's employment. (Filing No. 60-3 at depo. pp. 28:22-29:3; 30:2-11; Filing No. 60-4 at depo. pp. 64:20-23). The requested personnel files may allow Plaintiff

5

to compare and contrast her documented unexcused absences, tardies, and performance evaluations with those of her colleagues employed by Defendant and supervised by the same Chief Medical Officer.

Plaintiff's Request for personnel files stated that personal information related to disability, physical health, and beneficiary or banking information is to be excluded. The parties may agree upon further redaction of private information that may be contained in the files, but any information regarding patient or staff complaints, absences, performance evaluations, tardiness, investigations, or other disciplinary action is plainly relevant to Plaintiff's claims of discrimination. Therefore, the Court will compel Defendant to produce to Plaintiff the requested personnel files, with appropriate private personal information redacted, within 21-days of this Order.

## II. Plaintiff's Motion to Compel Rule 30(b)(6) Deposition

Plaintiff also seeks an order compelling a second Rule 30(b)(6) deposition and an award of attorney fees and costs. ([Filing No. 53](Filing No. 53)). Plaintiff asserts Defendant produced unprepared deponents that failed to give proper testimony for the majority of the topics noticed by Plaintiff. After full review of the deposition transcripts, the Court agrees.

[Federal Rule of Civil Procedure 30(b)(6)](Federal Rule of Civil Procedure 30(b)(6)) provides that, in response to a notice or subpoena, an organization must designate one or more persons who consent to testify on its behalf. "The persons designated must testify about information known or reasonably available to the organization." [Fed. R. Civ. P. 30(b)(6)](Fed. R. Civ. P. 30(b)(6)). "The testimony of a [Rule 30(b)(6)](Rule 30(b)(6)) witness represents the collective knowledge of the corporation, not of the specific individual deponents." *[Waste Connections, Inc. v. Appleton Elec., LLC](Waste Connections, Inc. v. Appleton Elec., LLC)*, No. 8:12CV436, [2014 WL 1281918, at \*3 (D. Neb. Mar. 27, 2014)](2014 WL 1281918, at *3 (D. Neb. Mar. 27, 2014)) (quoting *[QBE Ins. Corp. v. Jorda Enter., Inc.](QBE Ins. Corp. v. Jorda Enter., Inc.)*, [277 F.R.D. 676, 688 (S.D. Fla. 2012)](277 F.R.D. 676, 688 (S.D. Fla. 2012))). "The duty to prepare a [Rule 30(b)(6)](Rule 30(b)(6)) witness goes beyond matters personally known to the designee or to matters in which the designated witness was personally involved." *[Id.](Id.)*

On April 6, 2017, Plaintiff filed a Notice of Rule 30(b)(6) deposition, setting forth

6

thirty-nine topics relating to the circumstances and information relied on when terminating Plaintiff's employment, as well as disciplinary action, complaints, investigations and results of patient complaints against other physicians employed by Defendant, between 2010 and Plaintiff's termination in August 2015. ([Filing No. 60-1](#)). Plaintiff filed an Amended Notice of on April 17, 2017, modifying the date and time of the deposition but did not amend the Topics. Defendant filed no motion or otherwise formally objected or sought the Court's assistance in limiting the scope of the Topics noticed by Plaintiff.

Defendant designated two individuals to testify to the Topics identified in Plaintiff's Notice: Dr. Richard Brown, the CEO of Defendant between 2001 and April 2014; and Kenny McMorris, who replaced Dr. Brown as CEO in May 2014.

In reading the deposition transcripts, the Court finds the deponents produced by Defendant were unprepared for a meaningful Rule 30(b)(6) deposition. Dr. Brown testified that the only things he did in preparation for his deposition were meet with defense counsel for two hours and review Plaintiff's deposition. ([Filing No. 60-3 at depo. pp. 10](#):13-11:25). Dr. Brown had not even seen the Topics set forth in the Notice of 30(b)(6) Deposition and gathered no information that would assist in his testimony for the deposition or to refresh his recollection. ([Filing No. 60-3 at depo. pp. 12](#):11-13:12). As such, Dr. Brown testified only to his personal memory of events between 2010 and his retirement in 2014. ([Filing No. 60-3 at depo. pp. 13](#):25-14:3).

McMorris, current CEO of Defendant, was better prepared as he had at least reviewed the 30(b)(6) deposition Topics in advance. McMorris also testified he met with defense counsel for about an hour a few days before the deposition and reviewed part of Plaintiff's deposition, and stated he reviewed no other documents because he did not need to review them. ([Filing No. 60-4 at depo. pp. 8](#):23-11:2).

The deponents' lack of preparation is apparent when reading the deposition transcripts. For example, with respect to Topic No. 13, which requests information relating to "unexcused absences and tardies" for physicians employed by Defendant between 2010 and the present, McMorris testified that "generally speaking" he was "aware

indirectly in a lot of cases when providers are absent or tardy." (Filing No. 60-4 at depo. pp. 53:8-25). McMorris could not recall the unexcused absences for any staff physician, though he knew it happened. (Filing No. 60-4 at depo. pp. 54:17-56:10).

With respect to Topic No. 14, which requests information regarding instances when current or former physicians were late for or missed a patient appointment, McMorris could only testify that he was "aware" of physicians that missed or were late for appointments and was aware documents existed relevant to that question. Although McMorris initially testified he did not review documents in preparation for his deposition, in response to Topic No. 14, McMorris testified he did review responsive documents, but could not recall a single document that he reviewed. (Filing No. 60-4 at depo. pp. 58:21-60:21).

Topic 17 sought information regarding performance evaluations of other physicians employed by Defendant from 2010 to the present. McMorris could only testify he was aware that physicians received evaluations, but could not recall anything else about them. (Filing No. 60-4 at depo. pp. 62:17-65:5). Similarly, McMorris could only testify that physicians had performance goals, but nothing else about them. (Filing No. 60-4 at depo. pp. 66:16-67:21).

Topics 26 and 27 sought information regarding other complaints against any physician employed by Defendant, and action taken by Defendant in response. McMorris testified that he is aware of information that exists responsive to that Topic, but did not know the details or content of that information, which would be contained within documents located at Defendant. (Filing No. 60-4 at depo. pp. 70:15-71:7). McMorris' testimony to the many other topics continued similarly. (Filing No. 60-4 at depo. pp. 67:22-75:10; 120:7-125:23; 127:12-128:8; 129:1-131:15).

The above examples are not exhaustive, but illustrate the lack of preparation and failure of Defendant to make "a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] *and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the*

8

*interrogator]* as to the relevant subject matters." *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) (citations omitted) (emphasis added). While it is true that "depositions under 30(b)(6) are not meant to be traps in which the lack of an encyclopedic memory commits an organization to a disadvantageous position," *Brown v. W. Corp.*, No. 8:11CV284, 2014 WL 1794870, at *1 (D. Neb. May 6, 2014), the Rule contemplates more than what Defendant provided to Plaintiff in this case.

Defendants argue Plaintiff's noticed Topics were duplicative of topics inquired into by Plaintiff's Interrogatories and Requests for Production, and that Plaintiff's depositions of other individuals provided Plaintiff with the information she sought in the Rule 30(b)(6) deposition. (Filing No. 64 at pp. 2-3). However, "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 507 (D.S.D. 2009) (quoting *Great American Ins. Co. of New York*, 251 F.R.D. at 541); see also *CitiMortgage, Inc. v. Chicago Bancorp, Inc.*, 2013 WL 3946116, at *2 (E.D. Mo. July 31, 2013) ("Written discovery is not a substitute for a Rule 30(b)(6) deposition[.]). A Rule 30(b)(6) deposition serves a unique function--it is the "sworn corporate admission that is binding on the corporation." See *In re Vitamins Antitrust Litigation*, 216 F.R.D. 168, 174 (D. D.C. 2003); see also *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006) ("In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's position on the topic. The designee testifies on behalf of the corporation and thus holds it accountable.") (internal quotation marks and citations omitted). Written discovery and other individual depositions do not excuse Defendant from its obligations under Rule 30(b)(6).

Therefore, the Court finds Plaintiff's motion has merit. Defendant shall designate a knowledgeable and prepared corporate representative or representatives to offer testimony concerning the matters for examination known by or reasonably available to the organization. However, before the deposition takes place, the parties are directed to meet

and confer to narrow the scope of Topics not adequately covered by the previous depositions.

Because the Court finds Plaintiff's motion should be granted, and both parties addressed Plaintiff's request for attorney's fees and costs in their briefs, the Court finds an award of expenses and attorney's fees is appropriate under Fed. R. Civ. P. 37. See Fed. R. Civ. P. 37(a)(5)(A). Plaintiff's request for reasonable expenses and attorney's fees incurred in filing the instant motion and for time spent preparing for and conducting the and costs and fees associated with an additional deposition is an appropriate sanction. As explained above, Defendant failed to designate prepared and knowledgeable corporate representatives for a properly noticed Rule 30(b)(6) deposition. Defendant shall pay the attorney's fees Plaintiff incurred in filing this motion, and the costs and fees associated with an additional deposition of a designated corporate representative. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Compel Answers to Written Discovery (Filing No. 49) is granted. Plaintiff shall supplement her answer to Interrogatory No. 10, and provide responses to Request for Production of Document Nos. 3, 5, 6, and 11, within 14-days of this Order.

2. Plaintiff's Motion to Compel Written Discovery (Filing No. 50) is granted, in part. Defendant shall supplement its response to Plaintiff's Request for Production No. 21 within 21-days of this Order.

3. Plaintiff's Motion to Compel Rule 30(b)(6) Deposition (Filing No. 53) is granted. Defendant shall designate a knowledgeable and prepared corporate representative or representatives to offer testimony concerning the matters for examination and bear the costs and fees associated with the additional deposition. Plaintiff is also awarded reasonable costs and attorney's fees incurred in filing the Motion to Compel.

4. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before July 14, 2017, a stipulation of the costs and fees

to be awarded. In the event the parties fail to reach an agreement, Plaintiff may file on or before July 17, 2017, an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. Defendant shall have until on or before July 21, 2017, to respond to the application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

**DATED:** June 30, 2017.

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**